**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                              :

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | : | **Civil Action No.** |
| **COMMISSION,** | : | |
| | : | **COMPLAINT** |
| **Plaintiff** | : | **JURY TRIAL DEMAND** |
| | : | |
| **v.** | : | |
| | : | |
| **NICHOLS GAS & OIL, INC.** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

-----------------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female, retaliation and/or constructive discharge, and to make whole Eliza Foss ("Foss") and other similarly situated individuals ("claimants"). These allegations are described in greater detail in paragraph seven (7) below.

## JURISDICTION AND VENUE

1.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and § 2000e-6 ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.       The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Western District of New York.

## PARTIES

3.      Plaintiff, Equal Employment Opportunity Commission (hereinafter "EEOC" or

"the Commission"), is an agency of the United States of America charged with the

administration, interpretation, and enforcement of Title VII and is expressly authorized to bring

this action by Sections 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. §§ 2000e-

5(f)(1) and (3) and § 2000e-6.

4.      Defendant has continuously been a New York corporation doing business in the

State of New York and has had at least fifteen employees during the relevant time period.

5.      At all relevant times, Defendant has continuously been an employer engaged in an

industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42

U.S.C. §§ 2000e-(b),(g), and (h).

### STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Eliza Foss filed a

Charge of Discrimination with the Commission alleging violations of Title VII by Defendant.

All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least January 1999, Defendant, through its owner and some of its male

employees, has engaged in unlawful employment practices in violation of Section 703(a) of Title

VII, 42 U.S.C. § 2000e.  These practices include, but are not limited to, the following:

(a)     Defendant subjected claimants to frequent and pervasive sexual

harassment, including unwelcome groping of female employees' bodies,

including their breasts and buttocks.

(b)     Defendant also subjected claimants to on-going sexually explicit

propositions and comments including, but not limited to: "suck my cock

so I can go home with lipstick on the end of it and make my wife jealous,"

"I could come over and fuck your brains out" and requests for

"blow-                              jobs." Defendant also permitted an environment where female

employees                         were referred to as, "whore" and "stupid bitch" and

references were made                        about their bodies, using language such as "ass" and

"tits."

(c)     Although claimants protested and complained about the harassment

Defendant made no efforts to prevent or eradicate this continuing

egregious and offensive behavior.

(d)     Defendant caused the constructive discharge of claimants due

to the on-going severe and pervasive sexual harassment.

(e)     Defendant retaliated against claimants who complained of sexual

harassment or who refused to participate in the sexualized work

atmosphere by further harassing them, terminating them and/or taking

other adverse action against them.

8.      The effect of the practices complained of above has been to deprive claimants of

equal employment opportunities and otherwise adversely affect their status as employees

because of their sex.

9.      The unlawful employment practices complained of above were intentional.

10.     At all relevant times, Defendant has acted with malice or reckless indifference to

the federally protected rights of claimants.

**PRAYER FOR RELIEF**

3

Wherefore, the Commission respectfully requests that this Court:

A.       Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices that discriminate on the basis of sex;

B.       Order Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for all employees, regardless of sex, and that eradicate the effects of Defendant' past and present unlawful employment practices;

C.       Order Defendant to make whole all those individuals affected by the unlawful employment practices described above, by providing compensation for past and future pecuniary losses in amounts to be determined at trial;

D.       Order Defendant to make whole all those individuals affected by the unlawful employment practices described above, by providing compensation for non-pecuniary losses, including pain, suffering and humiliation, in amounts to be determined at trial;

E.       Order Defendant to provide punitive damages for its malicious and/or reckless conduct, in amounts to be determined at trial;

F.       Grant such further relief as the Court deems necessary and proper;

G.       Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: New York, New York
        September 13, 2005                    Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

s/ Elizabeth Grossman
Elizabeth Grossman
Acting Regional Attorney

s/Nora E. Curtin
Nora E. Curtin
Acting Supervisory Trial Attorney

s/Sunu P. Chandy
Sunu P. Chandy
Senior Trial Attorney
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Phone: 212-336-3706
Fax: 212-336-3623