UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
               Plaintiff,

                             DECISION AND ORDER

           -v-                            05-CV-6482 CJS

NICHOLS GAS & OIL, INC.,

               Defendants.

APPEARANCES

For the Plaintiff:           Maria Salacuse, Esq.
                              Sunu P. Chandy, Esq.
                              U.S. Equal Opportunity Commission
                              New York District Office
                              33 Whitehall Street, 5th Floor
                              New York, New York 10004-2112

For the Defendant:        R. Scott DeLuca, Esq.
                              Underberg & Kessler LLP
                              300 Bausch & Lomb Place
                              Rochester, New York 14604

INTRODUCTION

     This is an action pursuant to Title VII of the Civil Rights Act of 1964, alleging sexual discrimination. Now before the Court is defendant's motion [#2] to dismiss part of the complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), and for a more definite statement pursuant to FRCP 12(e). For the reasons that follow the application is denied.

BACKGROUND

The following facts are taken from the complaint in this action, as well as the documents submitted by the parties in connection with the subject motion to dismiss. Generally on a motion to dismiss pursuant to Rule 12(b)(6), the Court must consider only the complaint, which is deemed to include "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)(citations and internal quotations omitted). Moreover, "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Id*. at 153. In this regard, the Court finds that the documents comprising the administrative record of the investigation by the plaintiff, United States Equal Employment Opportunity Commission ("EEOC"), may be considered in resolving the motion to dismiss.

Elisa Foss ("Foss"), a female, was employed by the defendant in this action, Nichols Gas & Oil, Inc. ("defendant") from July 8, 2002, until she resigned on July 8, 2002. Foss filed a written sexual harassment complaint against defendant with EEOC on September 12, 2003. Foss's complaint stated:

> I began working for the above named Respondent on or about July 8, 2002. My most recent position was as Credit Manager. Beginning in or around August 2002, and continuing until I was constructively discharged , I was subjected to unwelcome comments and touching of a sexual nature from President/Owner of the organization.

> On or about July 8, 2003, I was forced to resign because of the intolerable working conditions caused by the harassment.
>
> I believe that I was subjected to this hostile, offensive, and intimidating work environment and forced to resign, because of my gender/female in willful violation of Title VII of the Civil Rights Act of 1964, as amended.

(Notice of Motion [#2] Ex. A) Following an investigation, EEOC sent a determination notice to defendant on June 9, 2005, which stated, in relevant part:

> The evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against [Foss] in that she was subjected to sexual harassment and constructive discharge. The investigation also revealed that [Foss] faced retaliation from Respondent in that she was given negative references following her employment with Respondent.

(Chandy Decl. [#6-2] Ex. D)

EEOC commenced this action on September 14, 2005 on behalf of Foss, and "other similarly situated individuals". The complaint does not identify the other similarly situated individuals, or state how many such individuals there are. However, in correspondence between the parties prior to the commencement of the action, EEOC advised defendant that there were "at least ten additional claimants" besides Foss. (Chandy Decl. Ex. F) The complaint alleges sex discrimination including hostile work environment, constructive discharge, and retaliation. Specifically, the complaint alleges that "since at least January 1999", defendant's owner and certain unnamed male employees "groped" female employees, made sexually-explicit comments, constructively discharged female employees, and retaliated against them.

Defendant filed the subject motion on November 18, 2005, contending that the retaliation claims should be dismissed as unexhausted, since Foss did not allege retaliation in her EEOC complaint. Defendant also seeks an order directing plaintiff to file a more

definite statement, identifying the unnamed claimants and setting forth the factual basis for their claims. Plaintiff, however, contends that the retaliation claim is exhausted, and that the additional information that defendant seeks should be provided through discovery. Counsel for the parties appeared before the undersigned for oral argument on March 9, 2006. The Court has considered the parties's submissions and the arguments of counsel.

## ANALYSIS

It is well settled that in determining a motion under Fed. R. Civ. P. 12(b)(6), a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). While the Court must accept as true a plaintiff's factual allegations, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir.1994)). The Court "may dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (internal quotations omitted)(*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

*Exhaustion of Remedies*

It is undisputed that before commencing a Title VII lawsuit, a plaintiff must first exhaust his administrative remedies:

> As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC. We have recognized, however, that claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if

4

> they are reasonably related to those that were filed with the agency. A claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made. This exception to the exhaustion requirement is essentially an allowance of loose pleading and is based on the recognition that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims he is suffering.

*Deravin v. Kerik*, 335 F.3d 195, 200 -201 (2d Cir. 2003) (citations and internal quotations omitted). Two additional types of claims that would be reasonably related to an EEOC complaint are: "1) a claim alleging retaliation by an employer against an employee for filing an EEOC charge[;] and (2) a claim where the plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." *Id*. at 201, n. 3 (*citing Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402-03 (2d Cir.1993), superseded by statute on other grounds as stated in *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684 (2d Cir.1998)) (internal quotation marks omitted).

In the instant case, defendant maintains that plaintiff's retaliation claim is unexhausted because Foss did not specifically allege retaliation in her EEOC complaint. The Court, however, disagrees. As mentioned above, a claim of retaliation arising from the filing of an EEOC complaint is considered reasonably related, as are claims which can reasonably be expected to grow out of an investigation of the charge that was made. Here, the EEOC actually investigated whether defendant had retaliated against Foss, and concluded that it had. Consequently, defendant's motion to dismiss is denied.

*Motion For A More Definite Statement*

Defendant also contends that it is entitled to a more definite statement, pursuant to FRCP 12(e), which states, in relevant part, that, "[i]f a pleading to which a responsive

pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." *See also, Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 998 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.") However, Rule 12(e)

> is designed to remedy unintelligible pleadings, not to correct for lack of detail. A motion pursuant to Rule 12(e) should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it. Motions for a more definite statement are generally disfavored because of their dilatory effect. The preferred course is to encourage the use of discovery procedures to apprise the parties of the factual basis of the claims made in the pleadings.

*In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litigation*, No. MASTER FILE 1:00-189, MDL 1358(SAS), M21-88, 2005 WL 1500893 at *2 (S.D.N.Y. Jun. 24, 2005) (footnotes and internal quotation marks omitted)

In the instant case, defendant seeks: "(a) the identity of the claimants; (b) what claim(s) the individual claimants are asserting; and (c) the factual basis for each of the claimant's claims, including a basis for knowing when the purportedly unlawful conduct occurred". While the complaint does not identify the additional ten claimants by name, it provides a general description of the alleged discriminatory acts and the time frame within which they occurred. Moreover, it alleges that the harassment was perpetrated primarily by defendant's owner. Therefore, defendant ought to be in a position both to know the names of the additional claimants, and to admit or deny the allegations. While it would have been preferable for plaintiff to have included the names of the additional claimants

in the complaint, the Court does not believe that their omission makes the complaint unintelligible. That is, the Court believes that defendant is capable of understanding and answering the complaint. *See*, FRCP 8(b) ("If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial.") Rather than delay the proceedings further, the Court finds that it would make more sense in this case to allow defendant to seek information concerning the additional claimants through discovery.[1]

## CONCLUSION

For the foregoing reasons, defendant's motion [#2] is denied. Defendant shall file and serve an answer to the complaint within ten days of the date of this Decision and Order. By separate order the undersigned will refer this case to the Honorable Marian W. Payson, United States Magistrate Judge, for all non-dispositive pretrial matters.

SO ORDERED.

Dated:   March 13, 2006
         Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[1] Plaintiff states that it will provide defendant with the names of all known claimants as part of its "Fed. R. Civ. P. 26(a) Initial Disclosures". (Def. Memo of Law [#6] p. 9)