# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

-vs-

NICHOLS GAS & OIL, INC., and
TOWNSEND OIL CORPORATION
d/b/a TOWNSEND OIL & PROPANE,

      Defendant.

**PROTECTIVE ORDER**

Civil Action No.: 05-CV-6462 (CJS)

---

**IT IS HEREBY ORDERED** that:

1. The following documents to be disclosed during the course of this litigation, as outlined in Paragraph No. 12 below, shall be designated as and treated as confidential during this litigation and shall be utilized by the receiving party solely in that context [collectively referred to herein as "the confidential documents"]: (a) Any of the claimants' medical and/or mental health records; (b) any of defendant Townsend Oil Corporation's (hereinafter referred to as "Townsend Oil") or defendant Nichols Gas & Oil's (hereinafter referred to as "Nichols Gas") financial records; and (c) any motion papers and/or exhibits attached to defendant Townsend Oil's Motion to Compel the production of certain medical and mental health records (hereinafter referred to as "Motion to Compel"), filed under seal on June 23, 2008 (Docket #51), and any papers submitted by defendant Nichols Gas in support of said Motion to Compel or submitted by plaintiff Equal Employment Opportunity Commission (hereinafter referred to as "EECO") in opposition to said Motion to Compel.

- 2 -

2. If any party reviews the confidential documents and determines that all or part of the confidential documents do not require confidentiality, the party will raise this issue with other counsel and try to resolve such dispute in good faith on an informal basis. If the dispute cannot be so resolved, the party may seek appropriate relief from the Court. The burden will rest on the party asserting the confidentiality of the document to demonstrate why all or part of the confidential documents must be kept confidential. The parties will keep the confidential documents confidential until a Court ruling on this issue, if one is required.

3. Except as may be agreed to by the parties, or ordered by the Court, disclosure of the confidential documents in relation to this case shall be limited to: (1) the parties, their counsel in this action, including clerical personnel, legal assistants and interns; (2) experts, any other independent professionals retained to assist in the prosecution or defense of this litigation, or agents hired, retained and/or contracted with by the parties or the parties' counsel; and (3) Court personnel, including Judges and their staff, and the Clerk of the Court.

4. Any witnesses in this matter who are not a party and who are permitted to see the confidential documents shall first be shown a copy of this Order and shall be advised of the obligation to honor the confidentiality designation. Counsel for the parties shall advise all witnesses (not including the individuals defined in Paragraph No. 3) to whom the confidential documents are to be disclosed of the existence of this Order.

5. In filing materials with the Court, counsel shall redact or file under seal any

- 3 -

motion papers which reference or attach all above-referenced documents and deposition testimony pursuant to Rule 5.4 of the Local Rule of Civil Procedure for the Western District of New York.

6. At the time of deposition or within twenty (20) days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which reference the contents of the confidential documents identified in Paragraph 1 above. This designation shall be in writing and served upon all counsel. Transcripts will be treated as confidential for this twenty (20) day period. Any portions of a transcript designated confidential shall thereafter be treated as one of the confidential documents in accordance with this Order.

7. Nothing in this Order shall prevent any party from obtaining further protection from the Court for the confidential documents or from seeking further protection with respect to the use of such documents in connection with this litigation.

8. The Clerk is ordered to deny access to all papers filed under seal with the Court pursuant to this Protective Order.

9. Nothing contained in this Order should be construed as a waiver of any discovery or evidentiary objection.

10. The parties agree to be bound by the terms of this Order upon their execution thereof and prior to the endorsement by the Court in this action.

11. Within sixty (60) days after termination of this litigation, including the expiration of all appeal rights, all originals and copies of the confidential documents listed in Paragraph 1 shall be destroyed by the receiving party.

- 4 -

12. This Order shall govern disclosure of the confidential documents during the discovery period. The parties agree to revisit how the confidential documents or testimony concerning such documents shall be treated during any trial in this matter and following the termination of this lawsuit.

**ORDERED** that the following documents are confidential and will remain under seal, pursuant to Rule 5.4 of the Local Rules of the United State District Court for the Western District:

(a) any of the claimants' medical and/or mental health records;

(b) any of defendant Townsend Oil Corporation's or defendant Nichols Gas & Oil's financial records;

(c) Townsend Oil Corporation's Motion to Compel and any papers with exhibits submitted in support of said Motion to Compel by defendant Nichols Gas & Oil or in opposition to said Motion to Compel by plaintiff Equal Employment Opportunity Commission.

Dated: July ___, 2008

_____
Honorable Marian W. Payson
U.S. Magistrate Judge