UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

EQUAL EMPLOYMENT OPPORTUNITY          :
COMMISSION,                            :
                                       :     Civil Action No.
                                       :     05-CV-6482 (CJS) (MWP)
                 Plaintiff,            :
                                       :     ██████████████████████
v.                                     :
                                       :     (REDACTED VERSION
NICHOLS GAS & OIL, INC. and            :     FILED ELECTRONICALLY
TOWNSEND OIL CORPORATION               :     PURSUANT TO CONF. ORDER)
d/b/a/ TOWNSEND OIL & PROPANE,         :
                                       :
                 Defendants            :
------------------------------------------------------------x

## DECLARATION OF SUNU P. CHANDY IN OPPOSITION TO TOWNSEND OIL CORPORATION, d/b/a, TOWNSEND OIL & PROPANE'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF EEOC'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

SUNU P. CHANDY, an attorney duly admitted to practice before this Court and the

Courts of the State of New York, hereby affirms under penalty of perjury that the following

statements are true:

1.      I am a Senior Trial Attorney with the New York District Office of the United

States Equal Employment Opportunity Commission (hereinafter "EEOC"), plaintiff in the above

entitled matter.

2.      I am familiar with the facts and circumstances contained herein and submit this

Declaration in support of Plaintiff EEOC's Opposition to Townsend Oil Corporation, D/B/A,

Townsend Oil & Propane's ('Townsend") Motion for Summary Judgment and in Support of

Plaintiff's Motion for Summary Judgment.

3.      EEOC received a Charge of Discrimination from Elisa Foss on or about

September 12, 2003. In her Charge of Discrimination, Ms. Foss stated that she was subjected to

unwelcome comments and touching of a sexual nature from Mr. Wayne Nichols, the

President/Owner of Nichols Gas & Oil, Inc ("Nichols Gas"). She stated that the conduct was

hostile, offensive and intimidating and forced her to resign.

4.      One allegation of sexual harassment against Wayne Nichols resulted in Wayne

Nichols' ██████████████████████████████████ and ████████████

████████████ for the complaining former employee. A true and correct copy of the ████████

████████████████ provided by Defendant Nichols in this matter is attached as

**Exhibit A**.

5.      EEOC filed a Complaint against Nichols Gas on September 14, 2005, alleging

that this Defendant engaged in unlawful employment practices by creating and maintaining a

sexually hostile work environment based on sex and subjecting Ms. Foss and other similarly

situated women to that environment as well as retaliation and/or constructive discharge.

6.      Plaintiff EEOC represents ten claimants in this litigation. The claimants worked

for Defendant in various clerical and administrative roles and suffered sexual harassment from

the owner and president of Nichols Gas as well from some of the male employees. EEOC seeks

compensatory and punitive damages to the full extent allowed under Title VII for each claimant.

Title VII allows EEOC to seek $50,000 for each claimant in compensatory and punitive damages

for an employer of Defendant Nichol's size. EEOC's backpay damages on behalf of the

claimants based on constructive discharge and retaliation claims total at least an additional

$50,000. Thus, EEOC seeks a total of $550,000 in financial relief to resolve this litigation.

7.    Townsend purchased Nichols Gas on or about November 30, 2005.  A true and correct copy of the Purchase Agreement provided by Nichols Gas in this matter is attached as **Exhibit B**.

8.    A letter sent by the President of Townsend to customers lists Townsend Oil Corp. on the bottom under his title, and the letterhead reads, "Townsend Oil & Propane."  A true and correct copy of this letter is attached hereto as **Exhibit C.**  The second page of this letter that provides the address of the entity refers to the company as "Townsend Oil Corporation."  On Defendant Townsend's website, the entity is referred to as "Townsend Oil & Propane" and it appears that this is an informal "doing business as" name.  A true and correct copy of the website page from the internet site, www.townsendenergy.com, is attached hereto as **Exhibit D**.

9.    Prior to the sale of Nichols Gas to Townsend, Mr. Nichols, in his role as President, primarily worked as a salesman for the company.  Following the sale of Nichols Gas, Wayne Nichols became an employee of Townsend and remained in his role as salesman. Following the sale of Nichols Gas, from December 1, 2005 until his separation from Townsend on or about October 31, 2006, Mr. Nichols continued to work in the same office within the Macedon facility where he had worked prior to the sale.  A true and correct copy of the Employment Agreement between Townsend and Wayne Nichols provided by Nichols Gas in this matter is attached as **Exhibit E**.

10.    After Townsend purchased Nichols Gas on or about November 30, 2005, Townsend hired Wayne Nichols' wife, Theresa Nichols, as a consultant.  A true and correct copy of the Consulting Agreement between Townsend and Mrs. Nichols provided by Nichols Gas in this matter is attached as **Exhibit F**.

11.     In addition to purchasing the name, customer list, physical building, vehicles, and supplies of Nichols Gas, Townsend leased vehicles from Nichols Gas that it did not purchase. A true and correct copy of the Vehicle Leasing Agreement between Townsend and Nichols Gas provided by Nichols Gas in this matter is attached as **Exhibit G**.

12.     EEOC filed an Amended Complaint naming Townsend as a successor defendant on October 1, 2007. Judge Payson ruled on EEOC's Motion to Amend on September 28, 2007 allowing Plaintiff EEOC to add Townsend as a Defendant in this litigation. Neither Defendant appealed this ruling to the trial court judge within the required ten days permitted by the federal rules, or sought to appeal this determination at any time thereafter.

13.     In written discovery dated May 17, 2006, EEOC requested financial information regarding Nichols Gas. from 1999 to the present including: "All 10(K) reports, financial statements, profit and loss statements, and any other statements which reflect Defendant's net worth from January 1, 1999 to the present, including all affiliated companies, parent companies, holding companies, subsidiaries and successor companies and Defendant's complete federal income tax returns for tax years 1999, 2000, 2001, 2002, 2003, 2004, and 2005." In response, after discussions between the parties, Nichols Gas  only agreed to produce a Balance Sheet listing its financial status as of November 13, 2006.  On or about July 10, 2008, Nichols Gas produced additional financial information for J.N.-IV for the time period immediately following the sale to Townsend (December 1, 2005), for January 1, 2006, and from a more recent period, April 15, 2008.  A true and correct copy of the December 2005, January 2006, and April 2008 Balance Sheets provided to EEOC by Defendant Nichols is attached as **Exhibit H.**  The December 1, 2005 Balance Sheet reflects that, at the time Townsend purchased Nichols Gas, J.N.-IV held total

-4-

assets valued ███████ nd total liabilities valued ████████ The January 1, 2006 Balance

Sheet reflects that, as of January 1, 2006, J.N.-IV held total assets value ████████ and total

liabilities valued ██████. The Balance Sheet produced for April 1, 2008, the most recent

date for which Nichols Gas has produced financial documents for J.N.-IV pursuant to Plaintiff

EEOC's document request, reflects that J.N.-IV held total ████████ Mrs. Nichols stated

that, as of April 15, 2008, J.N.-IV owe ████████ o Mr. and Mrs. Nichols as officers. These

documents collectively demonstrate that J.N.-IV has insufficient funds to resolve this litigation.


Dated:  August 13, 2009                      Respectfully submitted,
        New York, New York

_____
SUNU P. CHANDY
Senior Trial Attorney
US EEOC
33 Whitehall Street, 5th Floor
New York, New York 10004
Telephone No: 212-336-3706
Facsimile No.: 212-336-3623
Email Address: sunu.chandy@eeoc.gov