UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                        Plaintiff,

            vs.

NICHOLS GAS & OIL, INC. and
TOWNSEND OIL CORPORATION
d/b/a TOWNSEND OIL & PROPANE,

                    Defendants.

Index No.:  05-CV-6482(CJS)(MWP)

**DEFENDANT TOWNSEND OIL'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**THE WOLFORD LAW FIRM LLP**
**James S. Wolford, Esq.**
**Christopher D. Lindquist, Esq.**
**600 Reynolds Arcade Building**
**16 East Main Street**
**Rochester, New York  14614**
**Telephone:  (585) 325-8000**

*September 28, 2009*

i

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................... ii

PRELIMINARY STATEMENT ...................................................... 1

STATEMENT OF FACTS ............................................................... 2

ARGUMENT ............................................................................... 3

**POINT I**     The "Law Of The Case" Does Not Apply ............................................ 3

**POINT II**    The EEOC's Compensatory And Punitive Damages Claims Fail As A Matter Of Law ............................................ 3

**POINT III**   As A Mere Purchaser of Assets, Townsend Is Not Liable For Nichols Gas' Action ............................................ 5

**POINT IV**   Even Under The Substantial Continuity Test Townsend Is Entitled To Summary Judgment .................................. 9

CONCLUSION .............................................................................. 10

ii

## TABLE OF AUTHORITIES

<u>**CASES:**</u> <u>**Page**</u>

<u>Abdel-Khalek v. Ernst & Young LLP</u>,
    1999 WL 190790 (S.D.N.Y. 1999) ...................................................................5, 6

<u>Brzozowski v. Corr. Physician Servs., Inc.</u>,
    360 F.3d 173 (3d Cir. 2004)...................................................................................8

<u>Care Environmental Corp. v. M2 Technologies, Inc.</u>,
    2006 WL 148913 (E.D.N.Y. 2006) ........................................................................3

<u>Cobb v. Contract Transport, Inc.</u>,
    452 F.3d 543 (6th Cir. 2006)..................................................................................7

<u>Davidson v. Bartholome</u>,
    460 F. Supp. 2d 436, 443 (S.D.N.Y. 2006) ..........................................................3

<u>EEOC v. Anchor Sign Corp.</u>,
    1988 WL 141031 (E.D. Va. 1988) .........................................................................9

<u>EEOC v. Barney Skanska Constr. Co.</u>,
    2000 WL 1617008 (S.D.N.Y. 2000) ...............................................................6, 7, 9

<u>EEOC v. MacMillan Bloedel Containers, Inc.</u>,
    503 F.2d 1086 (6th Cir. 1974)........................................................................4, 5, 8

<u>EEOC v. Sage Realty Corp.</u>,
    87 F.R.D. 365 (S.D.N.Y. 1980) .............................................................................6

<u>EEOC v. Sage Realty Corp.</u>,
    507 F. Supp. 599 (S.D.N.Y. 1981) ........................................................................6

<u>Fennell v. TLB Plastics Corp.</u>,
    1989 WL 88717 (S.D.N.Y. 1989) ..........................................................................6

<u>Forde v. Kee Lox Manuf.</u>,
    584 F.2d 4 (2d Cir. 1978).......................................................................................8

<u>Molfese v. Fairfaxx Corp.</u>,
    2006 WL 1438582 (D.Conn. 2006) .......................................................................8

iii

**CASES:**                                                                                   **Page**

New York v. Nat. Servs. Indus., Inc.,
    352 F.3d 682 (2d Cir. 2003) ....................................................................4, 5, 6, 7

Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,
    322 F.3d 147 (2d Cir. 2003) ........................................................................3

Parker v. Metro. Transp. Auth.,
    97 F.Supp.2d 437 (S.D.N.Y. 2000) ...............................................................7

Rojas v. TK Communications, Inc.,
    87 F.3d 745 (5th Cir. 1996) ......................................................................10

Rowe Entm't, Inc. v. William Morris Agency, Inc.,
    2005 WL 22833 (S.D.N.Y. 2005) .................................................................8

Stephens v. Coach U.S.A.,
    386 F.Supp.2d 55 (D.Conn. 2005) ...............................................................8

United States v. Bestfoods,
    524 U.S. 51 (1998)...........................................................................4, 5, 6, 7

Wells v. Continental Baking Co.,
    1987 WL 10715 (W.D.N.Y. 1987) ................................................................5

Worth v. Tyler,
    276 F.3d 249 (7th Cir. 2001) ......................................................................8

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted on behalf of Townsend Oil Corporation ("Townsend") in further support of its motion for summary judgment seeking dismissal of the claims brought against it by plaintiff, the Equal Employment Opportunity Commission ("EEOC").

The EEOC continues to ignore the fact that it is seeking a highly inequitable result – to hold Townsend liable for the alleged Title VII violations of another employer, Nichols Gas & Oil, Inc., ("Nichols Gas"), solely on the grounds that Townsend purchased some of the assets of Nichols Gas in 2005.  The EEOC takes this position despite the well settled federal common law rule that a mere purchaser of assets does not assume the liabilities of the seller absent extraordinary circumstances (e.g., fraud or collusion), none of which are alleged to be present here.

The EEOC continues to attempt to avoid the common law rule, instead arguing in favor of the more lenient "substantial continuity" doctrine.  However, given the legislative history of Title VII, it is clear that the doctrine is rooted in the equitable powers of the Courts and it may be used to impose only equitable relief against a "successor" who has continued a business using the same management and employees.  It may not be used to impose compensatory or punitive damages on an alleged "successor" under any circumstances.

Alternatively, under the "substantial continuity" test, Townsend is still entitled to summary judgment because it would be highly inequitable to hold Townsend liable for the alleged violations of Nichols Gas, especially when Nichols Gas was fully capable of paying the very monetary damages the EEOC wants from Townsend.  Almost $450,000.00 was

2

deposited directly into Nichols Gas' checking account by Townsend within four months after the Asset Purchase Agreement.  At the time the EEOC commenced this lawsuit (in 2005), Nichols Gas was fully capable of paying whatever compensatory damages the alleged victims might receive.  Therefore, any award against Townsend would be unnecessary and unjust.

## STATEMENT OF FACTS

A detailed recitation of the statement of facts was in Townsend's Memorandum of Law in Support of Summary Judgment filed in this matter on May 22, 2009 will not be recited herein.

Nevertheless, it is important to highlight that Townsend and Nichols Gas entered into an "Asset Purchase Agreement" on or about November 30, 2005.  Within four months time, almost $450,000.00 was directly deposited into Nichols Gas accounts pursuant to the Agreement [Statement of Undisputed Material Facts, dated May 22, 2009, "SMF" ¶¶ 65-66]. The EEOC action was commenced on September 14, 2005 and pending when these monies were directly transferred to Nichols Gas.  Despite this, the EEOC never sought to amend the Complaint or, more importantly, restrain the funds in Nichols Gas' account and waited until January 2007 to amend the Complaint to add Townsend as a party defendant.  Townsend should not have to pay for the EEOC's undue delay.

3

## ARGUMENT

### POINT I

**THE "LAW OF THE CASE" DOES NOT APPLY.**

The EEOC contends that Magistrate Judge Payson's grant of its motion to amend to add Townsend as a party [Docket No. 40], somehow precludes Townsend's present motion for summary judgment. However, the two motions involve completely separate legal and evidentiary standards, and the prior determination of the motion to amend is in no way binding on this Court. See Care Environmental Corp. v. M2 Technologies, Inc., 2006 WL 148913 (E.D.N.Y. 2006)(rejecting argument that defendant's motion to dismiss was precluded by the law of the case simply because the magistrate had previously granted plaintiff's motion to amend).

Moreover, the law of the case does not apply where new evidence is submitted that was not available at the time of the alleged prior determination. See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003). Here, Townsend's motion is supported by volumes of evidence that was not before Magistrate Judge Payson when she decided the motion to amend, rendering the law of the case completely inapplicable. See Davidson v. Bartholome, 460 F. Supp. 2d 436, 443 (S.D.N.Y. 2006)(law of the case does not apply where new evidence is before the court).

### POINT II

**THE EEOC'S COMPENSATORY AND PUNITIVE DAMAGES CLAIMS**
**FAIL AS A MATTER OF LAW.**

Compensatory and punitive damages are not equitable remedies and therefore cannot be imposed even under the substantial continuity theory advanced by the EEOC. As

4

demonstrated on Townsend's motion for summary judgment, the 1991 amendments to Title VII permit such damages against only those who actually engage in intentional discrimination, not mere "successors" or a purchaser of assets.

The only argument offered by the EEOC in an attempt to save its compensatory and punitive damage claims is a quote from EEOC v. MacMillan Bloedel Containers, Inc., 503 F.2d 1086 (6th Cir. 1974), wherein the Sixth Circuit in 1974 generally stated that victims of discrimination should be afforded a complete remedy [EEOC Brief, p. 17 (quoting MacMillan 303 F.2d at 1091)]. Of course, compensatory and punitive damages were not even available under Title VII when MacMillan was decided, so the Sixth Circuit could have been referring to only equitable remedies.

The EEOC offers no other authority to counter the authority offered by Townsend, which includes the Supreme Court's decision in Bestfoods,[1] the Second Circuit Court of Appeal's decision in National Services,[2] and the plain language of Title VII and its 1991 amendment (for the first time providing for compensatory and punitive damages against those who have engaged in "unlawful intentional discrimination") [Townsend Mem. pp. 17-19].

Plainly there is no legal authority to impose compensatory and punitive damages on a completely innocent party such as Townsend.

---

[1]   United States v. Bestfoods, 524 U.S. 51 (1998).
[2]   New York v. Nat. Servs. Indus., Inc., 352 F.3d 682 (2d Cir. 2003).

5

**POINT III**

**AS A MERE PURCHASER OF ASSETS, TOWNSEND IS NOT LIABLE
FOR NICHOLS GAS' ACTION.**

The EEOC mistakenly argues that District Courts in this Circuit "must apply the
MacMillan factors in determining whether entities are successor corporations for purposes of
liability under federal Discrimination law." In National Services, the Second Circuit, relying on
Bestfoods, abbrogated a prior ruling that it used the substantial continuity test for CERCLA
liability. Because it "was not a sufficiently well established part of the common law of
corporate liablity to satisfy Bestfoods 'dictate that common law must govern.'" Id. at 685.
This is not a mere statement, but an important decision in terms of the substantial continuity
test after Bestfoods.

Importantly, all the cases cited by the EEOC in support of its "substantial continuity"
argument pre-date Bestfoods and National Services, and not one of these cases indicates
that the federal courts in this Circuit "must" apply the MacMillian factors in determining
successor liability.

The first case cited by the EEOC, Abdel-Khalek v. Ernst & Young LLP, 1999 WL
190790 (S.D.N.Y. 1999) was an action brought under the Americans With Disabilities Act of
1990, not Title VII. Next, Wells v. Continental Baking Co., 1987 WL 10715 (W.D.N.Y. 1987),
involved a motion to dismiss a complaint based upon jurisdictional grounds for failing to name
one of the defendants in the "charge" filed with the EEOC. The principle issue was whether a
subsidiary and parent relationship existed between the companies, not whether they were
successors. Nevertheless, the motion to dismiss in Wells was denied because there was a
lack of evidence submitted concerning "the separateness or integration of the two companies

6

necessary to determine whether parent and subsidiary are distinct," not whether successor liability should apply.   Id. at *2.

The EEOC next cites EEOC v. Sage Realty Corp., 87 F.R.D. 365 (S.D.N.Y. 1980), which dealt with a motion to amend the complaint.   It was granted because the successor corporation directly discriminated against the charging party.   This is not the case here.   In the related proceeding, 507 F. Supp. 599 (S.D.N.Y. 1981), the defendant never disputed that it was a successor corporation, as this fact was recognized in an agreement between the parties.

Finally, in Fennell v. TLB Plastics Corp., 1989 WL 88717 (S.D.N.Y. 1989), the predecessors' company management all transferred to the successor company.   The Asset Purchase Agreement also identified – which is not present here – that "TLB [seller] will indemnify Lumelite [purchaser] for 'any claim or liability (other than assumed Liabilities) of TLB arising out of or in connection with the Lumelite Business prior to the Closing Date.'" This language is not present in the matter before Your Honor.

Nevertheless, as previously identified and argued, since the Bestfoods and National Services decisions, the substantial continuity doctrine has been cast in doubt.

The EEOC argues that following the Bestfoods decision, courts in this Circuit and others continue to follow the substantial continuity doctrine in Title VII cases.   This is simply inaccurate.   Only one case cited by the EEOC to support this theory is a Title VII lawsuit. See EEOC v. Barney Skanska Constr. Co., 2000 WL 1617008 (S.D.N.Y. 2000).   In fact, the other cases involved the American With Disabilities Act of 1990,[3] Age and Disability

---

[3]   Abdel-Khalek v. Ernst & Young LLP, 1999 WL 190790 (S.D.N.Y. 1999).

7

Discrimination[4] and the Family and Medical Leave Act.[5]   In Barney, the District Court found that there was no successor liability on facts very similar to this matter.   Notably, the Barney decision pre-dates the Second Circuit Court of Appeals decision of National Services, which identified that if successor liability is not identified in an applicable statue then it should not be applied.   Even so, the Southern District in Barney found that successor liabilty was imappropriate with facts similar to this matter because the assets in the Agreement "were spelled out in the attached schedules." Id. at 4.

Even more factually similar, "the Agreement between Skanska [purchaser] and W.J. Barney [seller] contained no provision regarding the hiring of any W.J. Barney employees by Skanska,  Nor did the Agreement contain any provisions for continuity in management or ownership. . . . [t]hus, although the Agreement may have transferred significant non-personal assets . . . there was no 'substantial continuity' in the identity of the workforces as W.J. Barney and Skanska, either at the management or ownership levels." Id. at 4.  These same facts are all present and not disputed in this matter.

The other cases cited by the EEOC only "mention" Title VII cases and the successor liability issue was never disputed.   In fact, Magistrate Judge Payson's Report and Recommendation on Leave to Amend the Complaint in this matter appears to be the first decision in this Circuit thoroughly addressing the substantial continuity doctrine after Bestfoods and National Services in the Title VII context.   Contrary to the EEOC's argument, there is no well settled holdings or decisions in this Circuit or others that identify that successor liabilty is "mandatorly" applied in Title VII cases.

---

[4]   Parker v. Metro. Transp. Auth., 97 F.Supp.2d 437 (S.D.N.Y. 2000).
[5]   Cobb v. Contract Transport, Inc., 452 F.3d 543 (6th Cir. 2006).

8

Likewise, the Third Circuit[6] and Seventh Circuit[7] cases cited by the EEOC are distinguishible.  In Brzozowski, the lawsuit was commenced after the Asset Agreement was entered into by the successor defendant and in Worth, the ultimate purchaser of the company conceded successor liability.  Quite frankly, the EEOC attempts to argue that this principle is well settled in the context of Title VII when, in fact, it is suspect at best.

The EEOC next mistakenly identifies that federal courts in the Second Circuit continue to follow the MacMillan factors, as requred by Forde v. Kee Lox Manuf., 584 F.2d 4 (2d Cir. 1978).  The cases identified in support of this argument are readily distinguishable.  Rowe Entm't, Inc. v. William Morris Agency, Inc., 2005 WL 22833 (S.D.N.Y. 2005) was not a Title VII matter and dealt exclusively with prior business owners of the company becoming partners of the new company.  Based on this fact, the District Court determined substantial continuity existed.

Similarly, Molfese v. Fairfaxx Corp., 2006 WL 1438582 (D.Conn. 2006) contained fraud factors that were so evident that the substantial continuity argument was not even disputed.  In fact, "the essence of plaintiff's new causes of action is that Fairtekk [previous company] and the individuals [sic] defendants, who control both Fairtekk and Fairfaxx [the new company], **fraudulently concealed** Fairfaxx's assets to avoid liabilty on plaintiff's original complaint."  Id. at 2 (emphasis added).  This is simply not the case here.

Finally, Stephens v. Coach U.S.A., 386 F.Supp.2d. 55 (D.Conn. 2005) was an action involving the Family and Medical Leave Act, not Title VII.  The District Court found that "a

---

[6]  Brzozowski v. Corr. Physician Servs., Inc., 360 F.3d 173 (3d Cir. 2004).
[7]  Worth v. Tyler, 276 F.3d 249 (7th Cir. 2001).

9

purchasing corporation is liable if there is an express or implied agreement that the purchaser will assume liabilities," which is not a factor in this matter. Id. at 65.

**POINT IV**

**EVEN UNDER THE SUBSTANTIAL CONTINUITY TEST
TOWNSEND IS ENTITLED TO SUMMARY JUDGMENT.**

Even if the "substantial continuity" doctrine were applied to the facts in this case, Townsend is entitled to summary judgment.  Townsend is not alleged to have violated Title VII or engaged in any discriminatory practice.  None of the "complaining parties" have ever been employed by Townsend and none of the management of Nichols Gas transferred to Townsend.  "Equitable relief" against Townsend is completely unnecessary and would not serve any of the laudatory goals of Title VII.

There was no "merger" as the EEOC alleges – only an asset purchase.  Townsend was a much larger business that purchased certain assets from Nichols Gas [SMF ¶¶ 49-56]. After the purchase of those assets, Townsend was the same company that it had always been.  Nichols Gas continued on with its separate corporate existence, auctioned off some of its remaining assets, and eventually became J.N. – IV Corp. [SMF ¶¶ 57-59].  Nichols Gas did not become Townsend, and Townsend is not the former Nichols Gas and there was no continuity of management or ownership.

Townsend's management stayed the same, and Wayne Nichols (the manager of Nichols Gas), did not assume any management duties at Townsend [SMF ¶¶ 28-31]. Moreover, Townsend was not required to hire any of Nichols Gas employees [SMF ¶ 23]. See Barney Skanska Const. Co., 2000 WL 1617008, at *4-*5 (S.D.N.Y. 2000)(no transfer of employees weighs against "successor" liability); see also EEOC v. Anchor Sign Corp., 1988

10

WL 141031, at *5 (E.D. Va. 1988)(no successor liability where alleged wrongdoer had "merely disposed of certain of its assets" when it sold them to the successor).

The EEOC is also unable to justify imposing relief against Townsend because Nichols Gas was paid substantial sums in an arms length sale of its assets, indicating that the wrongdoer is able to compensate its alleged victims [SMF ¶¶ 60-68]. Absent some allegation of a fraudulent transfer (which is not made here), it makes no sense to hold Townsend liable simply because Nichols Gas, the wrongdoer, may not be able to pay. See Rojas v. TK Communications, Inc., 87 F.3d 745, 750-751 (5th Cir. 1996)(summary judgment was properly granted to alleged successor).

## CONCLUSION

For the foregoing reasons, as well as for the reasons set forth in Townsend's original moving papers, it is respectfully requested that the Court grant Townsend's motion for summary judgment.

Dated:   September 28, 2009

s/ James S. Wolford
James S. Wolford, Esq.
Christopher D. Lindquist, Esq.
**THE WOLFORD LAW FIRM LLP**
*Attorneys for Defendant Townsend Oil Corporation, d/b/a Townsend Oil & Propane*
600 Reynolds Arcade Building
16 East Main Street
Rochester, New York 14614
Telephone:  (585) 325-8000
e-mail:  jwolford@wolfordfirm.com