UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,**

Plaintiff,

vs.

Civil Action No. 05-CV-6482CJS(P)

**NICHOLS GAS & OIL, INC.** and
**TOWNSEND OIL CORPORATION
d/b/a TOWNSEND OIL & PROPANE,**

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT NICHOLS GAS & OIL, INC.'S MOTION FOR SUMMARY JUDGMENT

UNDERBERG & KESSLER LLP
Attorneys for Defendant
NICHOLS GAS & OIL, INC.
300 Bausch & Lomb Place
Rochester, New York 14604
Telephone: (585)258-2800

Elizabeth A. Cordello, Esq.
Paul F. Keneally, Esq.,
    Of Counsel

# TABLE OF CONTENTS

**DESCRIPTION**                                                    **PAGE NO**.

TABLE OF AUTHORITIES……………………………………………….    (i)

PRELIMINARY STATEMENT……………………………………………..    2

PROCEDURAL HISTORY…………………………………………………    4

STATEMENT OF FACTS…………………………………………………..    4


ARGUMENT …………………………………………………………………    4


POINT I:    DEFENDANTS ARE ENTITLED TO
            SUMMARY JUDGMENT UNDER FRCP 56…………………    4


POINT II:

THE CLAIMS ASSERTED ON BEHALF OF CLAIMANTS
COTTER-EATON, FANELLI-CONOVER, FINSTAD
AND MITCHELL ARE UNTIMELY AND THEREFORE
MUST BE DISMISSED AS A MATTER OF LAW…………………………    5


POINT III:

THE EVIDENCE CLEARLY DEMONSTRATES CLAIMANTS ROSS,
LEUWEN-CINCINELLO AND MITCHELL CANNOT ESTABLISH CLAIMS
FOR HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII…….    7

POINT IV:

THE EVIDENCE CLEARLY DEMONSTRATES CLAIMANTS
ROSS, LEUWEN-CINCINELLO, COTTER-EATON AND
LANCE TAYLOR CANNOT ESTABLISH CONSTRUCTIVE
DISCHARGE OR OTHERWISE SUFFERED ADVERSE
ACTION IN VIOLATION OF TITLE VII…………………………………….    11

POINT V:

THE EVIDENCE CLEARLY DEMONSTRATES
CLAIMANTS ROSS, LEUWEN-CINCINELLO,
FANELLI-CONOVER FORZISI, LANCE-TAYLOR
AND MITCHELL WERE NOT TERMINATED OR
OTHERWISE SUFFERED ADVERSE EMPLOYMENT
ACTION IN VIOLATION OF TITLE VII.............................................     14

POINT VI:

THE EVIDENCE CLEARLY DEMONSTRATES
CLAIMANTS ROSS, COTTER-EATON, LANCE-TAYLOR
LEUWEN-CINCINELLO, FORZISI AND MITCHELL
 CANNOT PREVAIL ON THEIR CLAIMS
OF RETALIATION IN VIOLATION OF TITLE VII..............................     16

POINT VII:

THE EVIDENCE CLEARLY DEMONSTRATES
CLAIMANTS ROSS, COTTER-EATON, FORZISI
FAILED TO AVAIL THEMSELVES OF
DEFENDANT NGO'S ESTABLISHED
COMPLAINT PROCEDURES.....................................................     17


CONCLUSION.........................................................................     19

## TABLE OF AUTHORITIES

| CASE | PAGE NO. |
|------|----------|
| ***Abdu-Brisson v. Delta Air Lines, Inc.***,<br>239 F.3d 456, 466 (2d Cir. 2001) | 5 |
| ***Alfano v. Costello***,<br>294 F.3d 365, 374 (2d Cir. 2002) | 7 |
| ***Bickerstaff v. Vassar College***,<br>196 F.3d 435, 445 (2d Cir. 1999) | 15 |
| ***Borrero v. American Express Bank Ltd***,<br>533 F. Supp. 2d at 441 (S.D.N.Y. 2008) | 11, 12 |
| ***Celotex Corp. v. Catrett***,<br>477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986) | 4 |
| ***Chertkova v. Connecticut Gen. Life Ins. Co.***,<br>92 F.3d 81, 90 (2d Cir. 1996 | 11 |
| ***Dawson v. Bumble & Bumble***,<br>398 F.3d 211, 216 (2d Cir. 2005) | 15 |
| ***Distasio v. Perkin Elmer Corp.***,<br>157 F.3d 55, 66 (2d Cir. Conn. 1998) | 16 |
| ***EEOC v. Bloomberg L.P. et al.***,<br>751 F. Supp. 2d 628, 646 (S.D.N.Y. October 25, 2010) | 6 |
| ***Faragher v. City of Boca Raton***,<br>524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) | 8 |
| ***Ferraro v. Kellwood Co.***,<br>440 F.3d 96, 101 (2d Cir. 2006) | 11 |
| ***Fincher v. Depository Trust & Clearing Corp.***,<br>604 F.3d 712, 723-24 (2d Cir. 2010) | 7 |
| ***Gallo v. Prudential Residential Servs.***,<br>22 F.3d 1219, 1224 (2d Cir. 1994) | 5 |
| ***Grady v. Affiliated Cent., Inc.***,<br>130 F.3d 553, 559 (2d Cir. 1997). [*14] | 4 |
| ***Green v. Harris Publ'ns***,<br>331 F. Supp. 2d 180 (S.D.N.Y. 2004) | 11 |
| ***Howley v. Town of Stratford***,<br>217 F.3d 141, 153 (2d Cir. 2000) | |

*Kader v. Paper Software, Inc. et al.*,
111 F.3d 337, 339 (2d Cir. 1997)                                             11

*Lopez v. S.B. Thomas, Inc.*,
831 F.2d 1184, 1187, 1188 (2d Cir. 1987)                              4, 11, 12

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792, 93 S.Ct. 1817, 36 L. Ed.2d 668 (1973)                15

*Patterson v. County of Oneida*,
375 F.3d 206, 221 (2d Cir. 2004)                                             15

*Pena v. Brattleboro Retreat*,
702 F.2d 322, 325 (2d Cir. 1983)                                             11

*Pennsylvania State Police v. Suders*,
542 U.S. 129, 133, 1254 S.Ct. 2342, 159 L.Ed. 204 (2004)           17

*Ponticelli v. Zurich Am. Ins. Group*,
6 F. Supp. 2d 414, 425 (S.D.N.Y. 1998)                                    5

*Quinn v. Green Tea Credit Corporation*,
159 F.3d 759, 765 (2d Cir. 1998)                                             7

*Rosen v. Thornburgh*,
928 F.2d 528, 532 (2d Cir. 1991)                                            15

*St. Mary's Honor Center v. Hicks*,
509 U.S. 502, 506, 511 113 S. Ct. 2742, 125 L.Ed. 2d 407 (1993)     15

*Schwapp v. Town of Avon*,
118 F.3d 106, 109 (2d Cir. 1997)                                              5

*Spence v. Maryland Casualty Co.*,
995 F.2d 1147, 1156 (2d Cir. 1993)                                          11

*Stetson v. NYNEX Serv. Co.*,
995 F.2d 355, 360 (2d Cir. 1993)                                            11

*United States v. Diebold, Inc.*,
369 U.S. 654, 655, 8 L. Ed. 2d 176, 82 S. Ct. 993 (1962)             5

*Vito v. Bausch & Lomb*,
Fed. Appx. 593, 595 (2d Cir. 2010)                                          7, 8

*Woodcock v. Montefiore Med. Ctr. the Univ. Hosp. of the
Albert Einstein College of Med., Comprehensive Family Care Ctr.*,
2002 U.S. Dist. LEXIS 2965, 13-14 (E.D.N.Y. Jan. 28, 2002)         5

## PRELIMINARY STATEMENT

Defendant Nichols Gas & Oil, Inc. respectfully submits this Memorandum of Law in support of its motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure to dismiss Plaintiff's First Amended Complaint in its entirety.

On September 12, 2003, Elisa Foss Crandall filed a Charge of Discrimination with Plaintiff Equal Employment Opportunity Commission ("EEOC"), alleging that she was subjected to discrimination on the basis of her gender in the course of her employment with Defendant Nichols Gas & Oil, Inc. ("Defendant"). See Defendant's Statement of Undisputed Material Facts (hereinafter "Defendant's Statement") at ¶ 10. On September 14, 2005, Plaintiff EEOC commenced the instant action in this Court by filing the Complaint with the Clerk of the Court. See Attorney Affidavit of Elizabeth A. Cordello dated August 16, 2011 (hereinafter "Cordello Aff.") at ¶ 3. On October 1, 2007, Plaintiff EEOC filed the First Amended Complaint with the Clerk of the Court, generally asserting the same factual allegations and claims for relief included in the original Complaint, but against both Defendant NG&O and Defendant Townsend Oil Corporation.[1] See Cordello Aff. at ¶ 8.

Plaintiff EEOC's First Amended Complaint asserts that Defendant NG&O engaged in "unlawful employment practices on the basis of sex, female, retaliation and/or constructive discharge," with regard to Claimant Foss Crandall, as well as "other similarly situated claimants." See First Amended Complaint (Docket No. 41), Unnumbered Introductory Paragraph. Generally, EEOC alleges that Claimant Foss Crandall and each of the "other similarly situated claimants" were subject to gender

---

[1] By Decision and Order filed September 28, 2007, this Court granted Plaintiff's motion for leave to file the First Amended Complaint, including Townsend Oil Corporation as a defendant on an alleged successor liability theory.

discrimination, sexual harassment, constructive discharge and/or retaliation, and suffered damages, including emotional distress, as a result of those purportedly unlawful employment practices. Subsequently, EEOC identified the following individuals as the "other similarly situated claimants" identified in the First Amended Complaint: Tracy Leuwen Cincinello, Shirleen Cotter Eaton, Melanie Fanelli Conover, Karen Finstad, Rosalie Forzisi, Gloria Lance Taylor, Diane Mitchell, Andrea Mongillo[2], Elaine Everdyke[3] and Nancy E. Ross (collectively "similarly situated claimants").

As demonstrated in the supporting Defendant's Statement, the related Appendix, the Cordello Affidavit and this Memorandum of Law, there are no triable issues of fact in this case upon which relief may be granted to Plaintiff on behalf of the similarly situated claimants. Therefore, Defendants respectfully request that this Court issue an Order granting Defendants' Motion for Summary Judgment and, more specifically, issue an Order:

1. dismissing Plaintiff's First Amended Complaint to the extent it seeks relief on behalf of the similarly situated claimants; and

2. granting such other and further relief as this Court deems just and appropriate.

---

[2] EEOC has since agreed to no longer pursue claims on behalf of Andrea Mongillo based upon her refusal to cooperate with discovery.

[3] EEOC has since agreed to no longer pursue claims on behalf of Elaine Everdyke based upon her refusal to cooperate with discovery.

## Procedural History

The procedural history relevant to Defendant NGO's Motion for Summary Judgment is set forth in the Cordello Affidavit and will only be repeated herein as necessary for discussion.

## Statement of Facts

The facts relevant to Defendants' Motion for Summary Judgment are set forth in Defendant's Statement of Material Facts.  The facts set forth in the aforementioned Defendant's Statement will only be repeated herein as necessary for discussion.

## Argument

## POINT I

## DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT UNDER FRCP 56.

Summary Judgment is appropriate under FRCP 56 where the pleadings, depositions, admissions on file and other discovery, together with moving affidavits, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). The burden of demonstrating the absence of any genuine dispute as to a material fact rests with the moving party. *Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 559 (2d Cir. 1997).  In determining whether the movant has met this burden, the court must resolve all ambiguities and draw all permissible factual inferences in favor of the party opposing the motion. *Lopez v. S.B.*

*Thomas, Inc.*, 831 F.2d 1184, 1187 (2d Cir. 1987) (citing ***United States v. Diebold, Inc.***, 369 U.S. 654, 655, 8 L. Ed. 2d 176, 82 S. Ct. 993 (1962)). Although courts should be particularly cautious about granting summary judgment in employment discrimination cases when intent is at issue, see ***Gallo v. Prudential Residential Servs.***, 22 F.3d 1219, 1224 (2d Cir. 1994); ***Ponticelli v. Zurich Am. Ins. Group***, 16 F. Supp. 2d 414, 425 (S.D.N.Y. 1998) "summary judgment may be appropriate even in the fact-intensive context of discrimination cases," ***Abdu-Brisson v. Delta Air Lines, Inc.***, 239 F.3d 456, 466 (2d Cir. 2001). Thus, to defeat a motion for summary judgment, "a plaintiff must provide more than conclusory allegations of discrimination." ***Schwapp v. Town of Avon***, 118 F.3d 106, 109 (2d Cir. 1997). ***Woodcock v. Montefiore Med. Ctr. the Univ. Hosp. of the Albert Einstein College of Med., Comprehensive Family Care Ctr.***, 2002 U.S. Dist. LEXIS 2965, 13-14 (E.D.N.Y. Jan. 28, 2002). As discussed in detail below, Plaintiff cannot demonstrate any triable issues of fact with respect to its claims on behalf of the similarly situated claimants of discrimination and retaliation under Title VII of the Civil Rights Act ("Title VII").

**POINT II**

**THE CLAIMS ASSERTED ON BEHALF OF CLAIMANTS
COTTER EATON, FANELLI CONOVER, FINSTAD
AND MITCHELL ARE UNTIMELY AND THEREFORE
MUST BE DISMISSED AS A MATTER OF LAW**

Claimants Cotter Eaton, Fanelli Conover, Finstad and Mitchell did not properly exhaust the requisite administrative process since they notified the EEOC of their claims under Title VII more than 300 days after the last discriminatory act and, therefore, claims on their behalf must be dismissed. Accordingly, these claims of

discrimination and retaliation must be deemed untimely and dismissed.   See 42 U.S.C.S. § 2000e-5.

In states such as New York that have an agency with the authority to address charges of discriminatory employment practices, the statute of limitations for filing a charge of discrimination with the EEOC is 300 days.   42 U.S.C. § 2000e-5(e).   In enforcement actions, such as the instant case, the EEOC may not seek relief for individuals who were not subject to unlawful employment practice some time during the 300 days preceding the filing of the triggering charge. ***EEOC v. Bloomberg L.P. et al.***, 751 F.Supp. 2d 628, 646 (S.D.N.Y. October 25, 2010).   The "triggering charge" in this case was filed by Claimant Elisa Foss Crandall on September 12, 2003.   See Defendant's Statement at ¶ 10.   However, the last possible discrete discriminatory acts asserted by Claimants Cotter Eaton, Fanelli Conover, Mitchell, and Finstad occurred more than 300 days before the filing of the "triggering charge".   Specifically:

a.   **Shirlene Cotter Eaton**:  employment with Defendant NGO terminated on or about October 16, 2002, approximately 330 days prior to the filing of the triggering charge.  See Defendant's Statement at ¶ 2;

b.   **Melanie Fanelli Conover:**   employment with Defendant NGO terminated in or about April 2002, approximately 512 days prior to the filing of the triggering charge.   See Defendant's Statement at ¶ 4. Furthermore, Claimant Fanelli Conover testified she was terminated due to her pregnancy.  See Defendant's Statement at 33.  Pregnancy discrimination was not a claim not asserted in the instant lawsuit and should also be dismissed as untimely ;

c. **Karen Finstad**: employment with Defendant NGO terminated on or about April 15, 2001, approximately 874 days prior to the filing of the triggering charge. See Defendant's Statement at ¶ 9 ; and

d. **Diana Mitchell:** employment with Defendant NGO terminated on or about September 13, 2002, approximately 363 days prior to the filing of the triggering charge. See Defendant's Statement at ¶ 7.

As such, all claims asserted on behalf of claimants Shirlene Cotter Eaton, Melanie Fanelli Conover, Diana Mitchell, and Karen Finstad must be dismissed as untimely.


## POINT III

### THE EVIDENCE CLEARLY DEMONSTRATES CLAIMANTS ROSS, LEUWEN CINCINELLO, MITCHELL, LANCE TAYLOR AND COTTER EATON CANNOT ESTABLISH CLAIMS FOR HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

In order to establish a hostile work environment, claimants must show that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of their employment were thereby altered." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 723-24 (2d Cir. 2010); see also *Howley v. Town of Stratford*, 217 F.3d 141, 153 (2d Cir. 2000); *Vito v. Bausch & Lomb*, Fed. Appx. 593, 595 (2d Cir. 2010); *Quinn v. Green Tea Credit Corporation*, 159 F.3d 759, 765 (2d Cir. 1998). "[I]t is axiomatic that in order to establish a . . . hostile work environment . . . a plaintiff must demonstrate that the conduct occurred because of her [membership in a protected class]." *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir.

2002).  Sporadic use of abusive language, gender-related jokes and occasional teasing

do not create an actionable hostile work environment.  ***Vito v. Bausch & Lomb***, Fed.

Appx. 593, 596 (2d Cir. 2010) *citing* ***Faragher v. City of Boca Raton***, 524 U.S. 775,

788, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998).

    For the reasons set forth below, the record is insufficient to establish a hostile

work environment on behalf of claimants Ross, Leuwen Cincinello, Mitchell and Lance

Taylor:

    a. **Claimant Ross**: Claimant Ross's complaints about the work environment at
Defendant NGO were unrelated to membership in a protected class.  See
Defendant's Statement at ¶ 13.  Furthermore, in Claimant Ross's statement to
the EEOC, she denied being subjected to sexual harassment.  See
Defendant's Statement at ¶ 14.  Furthermore, Claimant Ross admitted she
was on "very good terms" with Wayne Nichols when she resigned from
employment with Defendant NGO.  See Defendant's Statement at ¶ 18.  Any
claims on behalf of Claimant Ross for hostile work environment are further
undercut by the fact that she confirmed admitting to Wayne Nichols she was
going to make false claims to the EEOC in the hopes of getting money to
spend on a vacation[4].

    b. **Claimant Leuwen Cincinello:**  During Claimant Leuwen Cincinello's mere
six (6) weeks of employment with Defendant NGO, she claims she heard
Wayne Nichols make several lewd remarks, including remarks about her

---

[4] Defendant NGO has asked EEOC to voluntarily dismiss claims on behalf of Claimant Nancy Ross based upon this admission, to no avail.

sexual relationship with her then boyfriend.  See Defendant's Statement at ¶20.  After those few weeks, Claimant Leuwen Cincinello, decided to return to her previous job, for reasons unrelated to the purported sexual harassment. See Defendant's Statement at ¶ 22 – 24.

c. **Claimant Mitchell:**  The only gender or sex related comments or behaviors Claimant Diana Mitchell could recall being directed at her over the course of three years of employment was Defendant Wayne Nichols "comically" referring to her as a "*fat ass*" and putting his arm around her.  See Defendant's Statement at ¶ 7 and 44.  Furthermore, Claimant Diana Mitchell admitted to voluntarily engaging in sexual banter with Wayne Nichols, including giving 'gag' gifts to Wayne Nichols, such as a "pecker exerciser", which comes in a box graphically depicting various penises exercising with a miniature dumbbell.  Claimant Mitchell referred her husband for a job with Defendant NGO, which he worked at for a period of time during Claimant Mitchell's employment with Defendant NGO.  See Defendant's Statement at ¶42.  Claimant Mitchell testified she enjoyed working at Defendant NGO, and told her husband she enjoyed working there.  See Defendant's Statement at ¶43.

d. **Claimant Lance Taylor:**  Claimant Lance Taylor testified she resigned from her employment with Defendant NGO because she was offered a "better" and more lucrative position with a different employer.  See Defendant's Statement at ¶ 36.  The work environment at Defendant NGO had no bearing on Claimant Lance Taylors resignation from employment with Defendant NGO.

See Defendant's Statement at ¶37.   Claimant Lance Taylor's resignation letter, addressed and submitted to Wayne Nichols at the time of her termination from employment states that she "regrets" leaving Defendant NGO and has "heartfelt appreciation" for her four years of employment there. See Defendant's Statement at ¶ 38.   Claimant Lance Taylor did not deny the contents of her resignation letter were honest.   See Defendant's Statement at ¶ 39.   Claimant Lance Taylor admits she submitted the resignation letter voluntarily.   See Defendant's Statement at ¶ 40.

e. **Claimant Cotter Eaton:**   Claimant Cotter Eaton claims she heard Wayne Nichols make several lewd remarks, including various references to the female anatomy.   See Defendant's Statement at ¶ 25.

Claimant Ross admits she was not sexually harassed and disliked the work environment for reasons unrelated to gender.   Claimants Leuwen Cincinello, Mitchell and Cotter Eaton only attest to sporadic remarks insufficient to establish a hostile work environment for purposes of Title VII. Claimant Lance Taylor's departure from employment with Defendant NGO indicates a "heartfelt appreciation" for her employment there, surely not the sentiments of an individual subjected to a hostile work environment.   For these reasons, claims for hostile work environment on behalf of Claimants Ross, Mitchell, Leuwen Cincinello, Lance Taylor and Cotter Eaton must be dismissed.

### POINT IV

**THE EVIDENCE CLEARLY DEMONSTRATES CLAIMANTS
ROSS, LEUWEN CINCINELLO, COTTER EATON AND
LANCE TAYLOR CANNOT ESTABLISH CONSTRUCTIVE
DISCHARGE OR OTHERWISE SUFFERED ADVERSE
ACTION IN VIOLATION OF TITLE VII**

Constructive discharge occurs when an employer "deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." ***Kader v. Paper Software, Inc. et al.***, 111 F.3d 337, 339 (2d Cir. 1997) *citing **Spence v. Maryland Casualty Co.***, 995 F.2d 1147, 1156 (2d Cir. 1993); ***Stetson v. NYNEX Service Co.***, 995 F.2d 355, 360 (2d Cir. 1993); ***Lopez v. S.B. Thomas, Inc.***, 831 F.2d 1184, 1188 (2d Cir. 1987); ***Pena v. Brattleboro Retreat***, 702 F.2d 322, 325 (2d Cir. 1983).

Whether an employee's work conditions are so unendurable such that a resignation amounts to a constructive discharge is judged on an "objective standard," ***Borrero v. American Express Bank Ltd.***, 533 F. Supp. 2d at 441 (S.D.N.Y. 2008), and the conditions are viewed "cumulatively," ***Chertkova v. Connecticut Gen. Life Ins. Co.***, 92 F.3d 81, 90 (2d Cir. 1996).  Working conditions are intolerable when, "viewed as a whole, they are so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." ***Borrero***, 533 F. Supp. 2d at 441; *see also* ***Ferraro v. Kellwood Co.***, 440 F.3d 96, 101 (2d Cir. 2006).

The Second Circuit has noted that "[a] constructive discharge generally cannot be established . . . simply through evidence that an employee was dissatisfied with the nature of his assignments" or "that the quality of his work has been unfairly criticized" or

"whether the employee's working conditions were difficult or unpleasant." ***Stetson v. NYNEX Serv. Co.***, 995 F.2d 355, 360 (2d Cir. 1993); see also ***Green v. Harris Publ'ns***, 331 F. Supp. 2d 180 (S.D.N.Y. 2004) (finding transfer of plaintiff to undesirable position after subjecting him to racial slurs and other insensitive language does not constitute constructive discharge).

On the other hand, the Second Circuit has held that a trier of fact could find an employer's statement that a plaintiff "would be fired . . . no matter what he did" sufficient on its own to establish constructive discharge. ***Lopez v. S.B. Thomas, Inc.***, 831 F.2d 1184, 1188 (2d Cir. 1987); ***Borrero***, 533 F.Supp. 2d at 441 (holding that evidence suggested a constructive discharge where it showed that plaintiff reasonably believed her termination was a "foregone conclusion").

For the reasons set forth below, Claimants Ross, Leuwen Cincinello, Cotter Eaton and Lance Taylor cannot establish that they were constructively discharged:

   a. **Claimant Nancy Ross:**   Claimant Ross' complaints about the work environment at Defendant NGO were unrelated to sex discrimination or harassment.   See Defendant's Statement at ¶ 13.   In Claimant Ross' statement to the EEOC, she denies being subjected to sexual harassment. See Defendant's Statement at ¶ 14.   Claimant Ross admits saying to Wayne Nichols, "*show it to me and I'll show you mine*".   See Defendant's Statement at ¶ 15.   Claimant Ross testified she resigned from employment with Defendant NGO.   See Defendant's Statement at ¶ 16.   Claimant Ross conceded that the purported sexually hostile work environment was not the reason she resigned from employment with Defendant NGO.   See

Defendant's Statement at ¶ 17.  Claimant Ross conceded she was on "*very good terms*" with Wayne Nichols when she left employment with Defendant NGO.  See Defendant's Statement at ¶ 18.  Claimant Ross admits that prior to making a statement to the EEOC, she joked to Wayne Nichols, "*I'll tell them* [EEOC] *you did it* [sexually harassed] *to me for ten thousand dollars* [so Claimant Ross could] *go on a Caribbean vacation.*"  See Defendant's Statement at ¶ 19.

b. **Claimant Leuwen Cincinello:**     Claimant Leuwen Cincinello would have resigned from employment with Defendant NGO regardless of the work environment at Defendant NGO.  See Defendant's Statement at ¶ 23 and 24.

c. **Claimant Cotter Eaton:**   Claimant Cotter Eaton testified she resigned employment with Defendant NGO because she was "uncomfortable".  See Defendant's Statement at ¶ 29.

d. **Claimant Lance Taylor:**  Claimant Lance Taylor testified she resigned from her employment with Defendant NGO because she was offered a "better" and more lucrative position with a different employer.  See Defendant's Statement at ¶ 36.   The work environment at Defendant NGO had no bearing on Claimant Lance Taylors resignation from employment with Defendant NGO. See Defendant's Statement at ¶ 37.   Claimant Lance Taylor's resignation letter, addressed and submitted to Wayne Nichols at the time of her termination from employment states that she "regrets" leaving Defendant NGO and has "heartfelt appreciation" for her four years of employment there. See Defendant's Statement at ¶ 38.  Claimant Lance Taylor did not deny the

13

contents of her resignation letter were honest. See Defendant's Statement at ¶ 39. Claimant Lance Taylor admits she submitted the resignation letter voluntarily. See Defendant's Statement at ¶ 40.

None of the Claimants assert Wayne Nichols engaged in a deliberate course of conduct to force them to end their employment. All of the claimants indicate they left employment with Defendant NGO on their own accord and were not compelled to do so. Claimant Ross indicates she left on very good terms with Wayne Nichols and conceded she was not experiencing sexual harassment or discrimination in the workplace. Claimant Leuwen Cincinello's resignation was unrelated to the work environment at Defendant NGO. Claimant Cotter Eaton indicates resigning due to being "uncomfortable". Claimant Lance Taylor submitted a resignation letter indicating she regretted leaving Defendant NGO and had "heartfelt appreciation" for her time there. As such, as a matter of law these claimants cannot establish a claim for constructive discharge and their claims in the First Amended Complaint should therefore be dismissed.

## POINT V

### THE EVIDENCE CLEARLY DEMONSTRATES CLAIMANTS FORZISI AND MITCHELL WERE NOT TERMINATED OR OTHERWISE SUFFERED ADVERSE EMPLOYMENT ACTION IN VIOLATION OF TITLE VII

On summary judgment, disparate treatment claims are analyzed under the three-part burden-shifting test set forth in ***McDonnell Douglas Corp. v. Green***, 411 U.S. 792, 93 S.Ct. 1817, 36 L. Ed.2d 668 (1973). First, the plaintiff must make out a prima facie case of discrimination by race, "by either direct, statistical, or circumstantial evidence."

***Bickerstaff v. Vassar College***, 196 F.3d 435, 445 (2d Cir. 1999); ***McDonnell Douglas***, 411 U.S. at 802, by showing: (1) membership in a protected class; (2) qualification for the employment position; (3) that the plaintiff suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. ***Dawson v. Bumble & Bumble***, 398 F.3d 211, 216 (2d Cir. 2005); ***Rosen v. Thornburgh***, *928 F.2d 528, 532* (2d Cir. 1991) (citing ***McDonnell Douglas***, 411 U.S. at 802).

If the plaintiff makes the *de minimis* showing required to state a prima facie case, ***Patterson v. County of Oneida***, 375 F.3d 206, 221 (2d Cir. 2004), the burden of production shifts to the defendant to provide a legitimate, nondiscriminatory reason, supported by admissible evidence, for its actions. ***St. Mary's Honor Center v. Hicks***, 509 U.S. 502, 506, 113 S. Ct. 2742, 125 L.Ed. 2d 407 (1993); ***McDonnell Douglas***, 411 U.S. at 802; ***Dawson***, 398 F.3d at 216.   If an employer articulates a nondiscriminatory justification for its conduct, the inference of discrimination raised by plaintiff's prima facie case "simply drops out of the picture," ***St. Mary's Honor Ctr.***, 509 U.S. at 511,  and the burden shifts back to the plaintiff to prove by competent evidence that the employer's nondiscriminatory explanation is pretextual, *Id.* at 507-08.

For the reasons set forth below, as a matter of law Claimants Forzisi and Mitchell cannot demonstrate adverse employment action and/or that the legitimate, nondiscriminatory reasons for their termination are a pretext for discrimination.

a.   **Claimant Forzisi:**   Claimant Forzisi testified she was laid off from employment with Defendant NGO because Wayne Nichols wanted to hire his daughter for the position.  See Defendant's Statement at ¶33.

15

b. **Claimant Mitchell:**   Claimant Mitchell testified she was terminated from employment with Defendant NGO due to economic reasons. See Defendant's Statement at ¶45.

By Claimant Forzisi and Mitchell's own admission, they were terminated from employment for legitimate, non-discriminatory reasons and therefore cannot claim adverse employment action under Title VII.  As such, claims on their behalf must be dismissed.

## POINT VI

### THE EVIDENCE CLEARLY DEMONSTRATES CLAIMANTS ROSS, COTTER EATON, LEUWEN CINCINELLO, FORZISI AND  CANNOT PREVAIL ON THEIR CLAIMS OF RETALIATION IN VIOLATION OF TITLE VII

To establish a *prima facie* case for retaliation a plaintiff must demonstrate that (1) the employee was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered an adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. 95 F.3d at 1178. ***Distasio v. Perkin Elmer Corp.***, 157 F.3d 55, 66 (2d Cir. Conn. 1998).   For the reasons set forth below, Claimants Ross, Cotter Eaton, Leuwen Cincinello, and Forzisi cannot establish Defendants were aware of a protected activity and/ or an adverse employment action causally connected to the purported adverse employment action.

a. **Claimant Ross:**  Claimant Ross' complaints about the work environment at Defendant NGO were unrelated to sex discrimination or harassment.  See Defendant's Statement at ¶ 13.

b. **Claimant Leuwen Cincinello:**  Claimant Leuwen Cincinello did not complain to anyone at Defendant NGO regarding the purported lewd remarks.  See Defendant's Statement at ¶ 21.

c. **Claimant Cotter Eaton:**  Claimant Cotter Eaton did not complain to anyone regarding her allegations of sexual harassment other than her then live-in boyfriend. See Defendant's Statement at ¶ 28.

d. **Claimant Forzisi:**  Claimant Forzisi did not utilize the complaint procedure indicated in the employee handbook during her employment with Defendant NGO.  See Defendant's Statement at ¶ 34.

The record is clear that none of the above Claimants engaged in a protected activity. As such, claims for retaliation on behalf of these claimants must be dismissed.

## POINT VII

### THE EVIDENCE CLEARLY DEMONSTRATES
### CLAIMANTS ROSS, COTTER EATON AND FORZISI
### FAILED TO AVAIL THEMSELVES OF DEFENDANT
### NGO'S ESTABLISHED COMPLAINT PROCEDURES

An employer may defend against harassment claims by showing both (1) that it had installed a readily accessible and effective policy for reporting and resolving complaints of sexual harassment, and (2) that the plaintiff unreasonably failed to avail herself of that employer-provided preventive or remedial apparatus. ***Pennsylvania State Police v. Suders***, 542 U.S. 129, 133, 124 S. Ct. 2342, 159 L. Ed. 204 (2004).

For the reasons set forth below, Claimants Ross, Cotter Eaton and Forzisi unreasonably failed to avail themselves of an established complaint procedure and therefore their claims must be dismissed.

    a. **Claimant Ross:** Claimant Ross received and acknowledged an employee handbook during her employment with Defendant NGO, which contained a complaint procedure for complaints of sexual harassment or discrimination. See Defendant's Statement at ¶ 12. Claimant Ross' complaints about the work environment at Defendant NGO were unrelated to sex discrimination or harassment. See Defendant's Statement at ¶ 13.

    b. **Claimant Cotter Eaton:** Claimant Cotter Eaton testified she received a copy of Defendant NGO's employee handbook and reviewed the sexual harassment and complaint policies. See Defendant's Statement at ¶ 27. Claimant Cotter Eaton did not complain to anyone regarding her allegations of sexual harassment other than her then live-in boyfriend. See Defendant's Statement at ¶ 28.

    c. **Claimant Forzisi:** Claimant Rosalie Forzisi testified that she received an employee handbook, which contained a complaint procedure for sexual harassment complaints. See Defendant's Statement at ¶ 32. Claimant Rosalie Forzisi did not utilize the complaint procedure indicated in the employee handbook during her employment with Defendant NGO. See Defendant's Statement at ¶ 34.

Claimant Ross, Forzisi and Cotter Eaton's Claims must be dismissed for failure to utilize Defendant NGO's established complaint procedures.

## CONCLUSION

For the foregoing reasons, Defendant Nichols Gas & Oil, Inc. respectfully requests that this Court issue an Order granting its motion for summary judgment dismissing the First Amended Complaint to the extent it seeks relief for the similarly situated claimants and for such other and further relief as this Court may deem just and proper.

**UNDERBERG & KESSLER LLP**

/s/ Elizabeth A. Cordello

Elizabeth A. Cordello, Esq.
Paul F. Keneally, Esq.
*Attorneys for Defendant*
**NICHOLS GAS & OIL, INC.**
300 Bausch & Lomb Place
Rochester, New York 14604
Telephone: (585)258-2800
E-Mail: ecordello@underbergkessler.com;
            pkeneally@underbergkessler.com