UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION, :
: Civil Action No.
: 05-CV-6482 (CJS) (MWP)
:
                Plaintiff, :
v. :
:
NICHOLS GAS & OIL, INC. and :
TOWNSEND OIL CORPORATION :
d/b/a/ TOWNSEND OIL & PROPANE, :
:
                Defendants. :
-----------------------------------------------------------x

## CONSENT DECREE

This cause of action was initiated on September 14, 2005 by the Equal Employment Opportunity Commission (hereinafter "EEOC"), an agency of the United States Government, alleging that Defendant Nichols Gas & Oil, Inc. violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. The allegations against Defendant Nichols Gas & Oil, Inc. include that Defendant subjected claimants to frequent and pervasive sexual harassment including unwelcome groping of female employees, on-going sexually explicit propositions and comments. EEOC alleges that claimants protested and complained about the harassment and Defendant Nichols Gas & Oil, Inc. made no efforts to prevent or eradicate this on-going and offensive behavior. Additionally, EEOC contends that claimants were constructively discharge due to the on-going severe and pervasive sexual harassment and that Defendant retaliated against claimants who complained of sexual harassment or who refused to participate in the sexualized work atmosphere by further harassing them, terminating them and/or taking other adverse action against them.

Townsend Oil Corporation d/b/a Townsend Oil & Propane (hereinafter "Townsend") purchased Defendant Nichols Gas & Oil, Inc. on or about November 30, 2005. The Court granted EEOC's Motion to add Townsend as a successor defendant on September 28, 2007 and EEOC filed an Amended Complaint naming Townsend as a successor defendant on October 1, 2007.

Defendants deny the allegations brought by EEOC and make no admissions of liability by entering into this Consent Decree.

EEOC and Defendants agree that it is in their mutual interest to fully resolve the matter without further litigation. This Decree resolves all matters related to Civil Action 05-CV-6482, now pending in the United States District Court for the Western District of New York.

EEOC and Defendants do hereby stipulate and consent to the entry of this Decree as final and binding between the parties signatory hereto and their assigns or successors.

The parties have agreed that this Decree may be entered without Findings of Fact and Conclusions of Law having been made and entered by the Court.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, it is agreed and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.  This Decree resolves all of the issues raised by the EEOC Complaint and the EEOC Charge filed by Elisa Foss, Charge No. 165-2003-00767. The Decree in no way affects EEOC's rights to process any future charges that may be filed against Defendants, and to commence civil actions on any such charges.

2.  The parties agree that the federal court has jurisdiction to enforce this Decree. The parties agree that they will not contest jurisdiction to enforce this Decree on any grounds,

including subject matter jurisdiction, venue, or failure to meet administrative prerequisites. Any party may bring an enforcement suit upon breach of any of the terms of this Decree by any other party. Nothing in this Decree shall be construed to preclude EEOC from bringing proceedings to enforce this Decree in the event that Defendants fail to perform any of the promises and representations contained herein.

3. Defendants and their managers, officers, agents, successors and assigns are enjoined from discriminating against any individual because of her or his sex and from creating or maintaining a sexually hostile work environment on the basis of sex.

4. Defendants and their managers, officers, agents, successors and assigns are enjoined from retaliating against any individual who is asserting her or his rights under Title VII or otherwise engaging in protected activity, including retaliating against any individual who has filed a charge, complained about sexual harassment, given testimony or assistance with the investigation or litigation of these charges or actions or opposed discriminatory conduct.

5. Defendants shall pay a total of $150,000.00 in monetary damages to the claimants as set forth on the document attached as Exhibit A, which shall be filed under seal. Defendants shall mail each claimant directly a check for the amounts specified in Exhibit A within 10 days of entry of the Decree. A copy of each check payable to a claimant shall be forwarded to EEOC immediately upon issuance of the check. In connection with the check issued to each claimant, Defendants will issue an IRS form 1099 in connection with each compensatory damage amount. Each claimant shall be responsible for any taxes owed by her with respect to these payments.

6. All submissions to EEOC herein shall be sent to EEOC Consent Decree Monitoring, EEOC, 33 Whitehall Street, New York, NY 10004 or to decreemonitor.nydo@EEOC.gov and to Judith Biltekoff, US EEOC, Buffalo Local Office, 6

Fountain Plaza, Suite 350, Buffalo, New York 14202. Should Defendant Nichols Gas & Oil, Inc. reopen for business under the same name, or under any other name, it shall follow the procedures listed below in paragraphs A, B and C. Should President of Nichols Gas & Oil, Inc., Wayne Nichols, create, own or operate any business entity that hires permanent employees or obtains temporary employees during the period of the Decree, he will inform EEOC of this in writing prior to hiring any permanent employees or obtaining any temporary employees and undertake the following procedures:

    A. Mr. Nichols will participate in 8 hours of individual training and counseling regarding laws prohibiting employment discrimination with a focus on sexual harassment and other sex discrimination. This training shall be conducted by an EEOC approved entity prior to Mr. Nichols hiring any permanent employees or obtaining any temporary employees for any business operation. Mr. Nichols shall furnish EEOC with documentation that this training was completed prior to hiring any permanent employees or obtaining any temporary employees for any business operation that he creates, owns or operates.

    B. Mr. Nichols will implement EEOC approved equal employment and anti-discrimination policies and complaint procedures should he create, own, or operate any business entity during the period of the Decree. Mr. Nichols shall furnish EEOC with draft policies for review and must have EEOC's approval of the proposed policies prior to hiring any permanent employees or obtaining any temporary employees for any business operation that he creates, owns or operates.

    C. Mr. Nichols will arrange for an EEOC approved entity to provide equal employment and anti-discrimination training for all employees of any business that he creates, owns or operates during the period of the Decree within 14 days of beginning its operation. Mr.

Nichols shall furnish EEOC with information regarding proposed trainers and proposed outlines of training materials for review upon the hiring of any permanent employees or obtaining any temporary employees for any business operation that he creates, owns or operates. Mr. Nichols will provide 8 hours of training for all managers and supervisors and 4 hours of training for all non-supervisory or non-managerial employees. Mr. Nichols will inform EEOC in writing as to the dates of the scheduled trainings 7 days before the first training sessions. Mr. Nichols will document the training sessions by providing a letter to EEOC confirming date and time of the trainings and attendance sheet within 7 days of the last training session.

7. Defendant Townsend will maintain and implement Equal Employment and Anti-Discrimination Policy and Procedures ("the Policy") EEOC. The Policy is attached as Exhibit B. The attachment of the policy to this Decree is not a representation by EEOC that Townsend has been or is compliant with federal anti-discrimination laws. The Policy includes: (a) a clear explanation of prohibited conduct; (b) the assurance that employees who make complaints of discrimination or provide information related to such complaints will not be retaliated against; (c) a clearly described complaint process that provides accessible avenues of complaint; (d) the assurance that Townsend will accept any and all complaints from employees who wish to file internal complaints; (e) the assurance that Townsend will protect the confidentiality of complaints to the extent possible; (f) a complaint process that provides a prompt, thorough, and impartial investigation; (g) the assurance that Townsend will take immediate and appropriate corrective action when it determines that discrimination has occurred; and (h) an assurance that Townsend will inform complainants of the outcome of investigations within a reasonable amount of time. This Policy will be distributed to all of Townsend's employees within 10 days of the entry of the Decree. Defendant Townsend will provide all new employees with a copy of

the Policy during their initial orientation and no later than 5 days after commencement of their employment. Within 14 days of the entry of this Decree, Townsend will send verification of to EEOC that Townsend has distributed a copy of the Policy to all of its employees. Every 12 months thereafter, Townsend will send written verification to EEOC that the Policy has been given to all new employees when they start their employment with Townsend.

8. Defendant Townsend will provide training regarding the Policy for all management and non-management employees as follows:

A. Townsend will provide 4 hours of equal employment and anti-discrimination training for all managerial and supervisory personnel. Such training is to be conducted by Sara Cegelski, of HR Works, Inc., Fairport, NY. Townsend will complete this training within 30 days of the date of entry of this Decree, and will forward to EEOC a copy of the attendance sheet within 5 days of the completion of such training.

B. Townsend will provide 2 hours of equal employment and anti-discrimination training for all non-managerial and non-supervisory personnel. Such training is to be conducted by Sara Cegelski, of HR Works, Inc., Fairport, NY. Townsend will complete this training within 30 days of the date of entry of this Decree, and will forward to EEOC a copy of the attendance sheet within 5 days of the completion of such training.

9. Townsend shall provide a written report to EEOC with information regarding any verbal or written complaints of sexual harassment or discrimination from its employees which were received by Defendant's Designated Representatives (as defined in the Policy) within thirty (30) days of receiving any such complaints. Townsend shall provide EEOC with the name of the complainant, the name of the alleged harasser, a summary of the complaint, the results of any investigation of the complaint, and remedial action, if any was taken by Townsend.

10. Each party shall bear its own attorneys fees and costs incurred in this action.

11. This Decree constitutes the complete understanding among the parties to this Decree. No other promises or agreement shall be binding unless agreed to in writing and signed by these parties.

12. This Decree will remain in effect for 10 years from the date of entry between EEOC and Defendant Nichols Gas & Oil, Inc. and between EEOC and Mr. Wayne Nichols. This Decree will remain in effect for 5 years from the date of entry between EEOC and Defendant Townsend.

**FOR PLAINTIFF EEOC**

Dated: 9/4/12

_____
Elizabeth Grossman, Regional Attorney,
U.S. EEOC
New York District Office
33 Whitehall Street, 5th floor
New York, NY 10004-2112
E-mail: elizabeth.grossman@eeoc.gov

_____
Nora E. Curtin, Supervisory Trial Attorney,
U.S. EEOC
New York District Office
33 Whitehall Street, 5th floor
New York, NY 10004-2112
E-mail: nora.curtin@eeoc.gov

_____
Judith A. Biltekoff, Trial Attorney
U.S. EEOC
Buffalo Local Office
6 Fountain Plaza, Suite 350
Buffalo, NY, 14202
Telephone: 716-551-3356
E-mail: judith.biltekoff@eeoc.gov

**FOR DEFENDANTS**

Dated: 8/22/12         _____
Wayne Nichols
For Defendant Nichols Gas & Oil, Inc.
3184 Canandaigua Road
Macedon, New York 14502
Telephone: (315) 576-4352

Dated: 8/22/12         _____
Wayne Nichols
Individually
3184 Canandaigua Road
Macedon, New York 14502
Telephone: (315) 576-4352

Dated: 9/4/12

_____
For Defendant Townsend Oil Corporation d/b/a
Townsend Oil & Propane
64 Main Street
Leroy, New York 14482
Telephone: (585) 768-8188

**SO ORDERED, ADJUDGED, AND DECREED,**

Signed this 5 day of SEPT , 2012

_____
Hon. Charles J. Siragusa

**ATTACHMENTS**

**EXHIBIT A (Under Seal):  Allocation of Monetary Relief to Claimants**

**EXHIBIT B:  Anti-discrimination Policy**